CONN *v.* CONN.

(Division B. Feb. 27, 1939. Suggestion of Error Overruled March 27, 1939.)

[186 So. 646. No. 33590.]

**W. D. Conn,** of Corinth, and **W. D. Conn, Jr.,** of Jackson, for appellant.

**W. C. Sweat**, of Corinth, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is a suit by a wife against her husband for separate maintenance upon the alleged ground of desertion on his part. The cause was heard on bill, answer, and proofs, resulting in a decree in the wife's favor, awarding her $17.50 a month support money. From that decree, the husband prosecutes this appeal.

The wife was a Miss Luckett. Her family and the Conn family made their homes on farms about three miles apart in Alcorn County. They were married the 25th of November, 1937, and separated July 17, 1938. The wife alleged in her bill that on the latter date her husband without cause forced her to leave their home and return to that of her parents; that since that time and up to the bringing of her suit, they had lived apart. In his answer, the husband denied the allegations of the bill and offered to take his wife back and resume their marital relations if she were willing.

It is argued on behalf of the husband that the evidence was insufficient to show desertion on his part, and, if mistaken in that contention, the wife should have been denied separate maintenance because the evidence showed that the husband's offer in his answer to resume marital relations was made in good faith. The evidence was conflicting on both of those issues. The chancellor resolved them both in favor of the wife. In other words, that the husband had deserted the wife and his offer in his answer to take her back as his wife was not made in good faith.

In numerous decisions of this court so familiar to the bench and bar of the state that it is unnecessary to set them out, this court has held that the finding of the chancellor on an issue of fact will not be disturbed unless against the overwhelming weight of the evidence. We cannot say that the findings of the chancellor are subject to that criticism. He had the witnesses before him. He saw their appearance and manner on the witness stand. On appeal we have only the written testimony. Sometimes the written word means one thing, and, when spoken in connection with the manner and appearance of the speaker, means the opposite. Putting it differently, the false witness may be able to hide behind the written word, but not the spoken word.

Affirmed.