SMITH *v.* LOWRY.

(Division B. May 8, 1939.)

[188 So. 549. No. 33693.]

**Percy Bell,** of Greenville, for appellant.

**Percy & Farish,** of Greenville, for appellee.

Argued orally by **Percy Bell**, for appellant, and by **H. P. Farish**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

In 1935 and 1936 the plaintiff, S. E. Smith, was farming land rented from the defendant, C. E. Lowry, from whom he obtained advances during the said years. During this time Mr. Smith desired to buy certain lands from the Federal Land Bank, and got Lowry to purchase them in his own name, afterwards conveying them to Smith. But this transaction was not involved in the account which is the subject matter of this suit. The suit was predicated upon an alleged charge of usurious interest, it being alleged that a straight 10% interest was charged by Lowry on each and every item of the account during the two years; and that in 1935, the first year, the interest was usurious, averaging over 20% on the per annum basis; and on the account for 1936 a like charge was claimed to have been made, which, it is claimed, also exceeded 20% on a per annum basis.

The account for 1935, as made up, totals $1046.51 and on the face of the account, after adding the figures, is noted ''interest $104.65,'' making the total account $1151.16. The testimony on behalf of the plaintiff was to the effect that this was a charge for interest; while the defendant testified that the 10% was not an interest charge, but included profits on the goods furnished; that

such goods were furnished and charged to the plaintiff at the actual cash cost to Lowry; and that his profits and charge for certain services, use of car, etc., were all embraced therein.

There is also an item of the account in dispute, carried on Lowry's books as cash (cotton checks) $259.39, of date November 7th; and plaintiff contends that this item was improperly charged to his account; that it constituted a consideration for certain stock and farm equipment sold to a third party, also one of Lowry's tenants, and that a check was given for the amount in question about the first of October; and that the amount was charged, and not taken by Lowry as against the third party.

There were two or three witnesses whose testimony tended to support that of Smith in regard to the item of $259.39; but their testimony showed that the transaction about which they testified occurred in the early part of October, whereas Lowry testified that the $259.39 represented a check for cotton, which cotton had been sold to a named cotton buyer, the date being November ·7th, instead of October; and that the two were independent transactions; that he had not charged Smith with the amount paid to the third party for the said stock and equipment.

On this conflicting evidence, the Chancellor found as a fact that the check for $259.39, dated November 7, 1935, and charged in the 1935 account, was not given for the payment to complainant for property sold to the third party, but was in settlement for cotton; also, that the balance owing by the complainant to the defendant was $121.75 for the year 1935, and $86.17 for the year 1936, as shown on the account filed with the answer of C. E. Lowry, were correct; and therefore found, as a fact, that the defendant, Lowry, did not receive usurious interest; and, further, found as a fact that there was no contract between the complainant and the defendant for the payment of usurious interest. And the Chancellor adjudged and decreed that the bill be dismissed.

The evidence on behalf of the defendant was sufficient to warrant the chancellor in his finding. The Chancellor had the parties before him, and was in a better position to judge the veracity of the witnesses, and as to the conflict in their testimony, than we are in reviewing the matter from the record.

As stated by this court in Conn v. Conn (Miss.), 186 So. 646; ''In numerous decisions of this Court so familiar to the bench and bar of the state that it is unnecessary to set them out, this Court has held that the finding of the chancellor on an issue of fact will not be disturbed unless against the overwhelming weight of the evidence. We cannot say that the findings of the chancellor are subject to that criticism. He had the witnesses before him. He saw their appearance and manner on the witness stand. On appeal we have only the written testimony. Sometimes the written word means one thing, and, when spoken in connection with the manner and appearance of the speaker, means the opposite. Putting it differently, the false witness may be able to hide behind the written word, but not the spoken word.''

The notation on the account, under the head of interest, in the suit now before us, carries prima facie the implication of an interest charge, and if such, would of course be usurious; but the explanation given by the defendant in his testimony, if true—as the Chancellor found it to be—rebuts that presumption or conclusion. There was no agreement proving that usurious interest was, in fact, stipulated for; and the testimony of the defendant showed that he had not received the payment as interest, but had, in fact, charged it to cover profits and services rendered in connection with the delivery of the property sold.

It follows that the judgment is affirmed.

Affirmed.